UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

GUILLERMO LAGO,

     Plaintiff,

vs.                                 CASE NO.: 9:24-cv-80386

GUSS INVESTMENT GROUP, LLC,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, GUILLERMO LAGO (hereinafter "Plaintiff"), by and through their undersigned counsel, brings this action against the Defendant, GUSS INVESTMENT GROUP, LLC (hereinafter "GIG"), and in support allege as follows:

## **INTRODUCTION**

1. This is an action brought by a consumer for Defendant's violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.—and more specifically, under 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692f for unlawful debt collection Practices.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. The Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.,* was enacted with a similar goal, "to eliminate abusive and harassing tactics in the collection of debts." *Brindise v. U.S. Bank Nat'l Ass'n,* 183 So. 3d 1215, 1221 (Fla. 2d DCA 2016), *rev. denied,* No. SC16-300, 2016 WL 1122325 (Fla. Mar. 22, 2016).

4. Pursuant to the FCCPA, prior to engaging in any business in Florida, a person who acts as a consumer collection agency must register with the State of Florida Office of Financial Regulation. Fla. Stat. § 559.555(1).

5. Registration requires "[a] state criminal history background check … through the Department of Law Enforcement, and a national criminal history background check … through the Federal Bureau of Investigation." Fla. Stat. § 559.555(2)(c)(2).

6. The Florida legislature determined this registration requirement to be of such import to the citizens of Florida that it made a violator of this provision subject to up to one year in jail.

7. "Criminal penalty. —It shall be a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, for any person not exempt from registering as provided in this part to engage in collecting consumer debts in this state without first registering with the office, or to register or attempt to register by means of fraud, misrepresentation, or concealment." Fla. Stat. § 559.785.

8. GUILLERMO LAGO is a natural person who at all relevant times lived in Palm Beach County, Florida.

9. Plaintiff is obligated, or allegedly obligated, to pay a debt originally owed or due, or originally asserted to be owed or due to a creditor other than Defendant.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes- namely, a home equity line of credit on Mr. Lago's primary residence (the "Debt").

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Defendant is Delaware limited liability company with a principal address of 16787 Beach Blvd., Suite 222, Huntington Beach, CA 92647.

13. Defendant has not registered with the Florida Department of State, Division of Corporations, as a foreign entity authorized to do business in the State of Florida and does not maintain a registered agent in the state of Florida.

14. Defendant lists Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808 as its registered agent in Delaware.

15. Upon information and belief, Defendant's primary business is the purchase of the defaulted consumer debt and the collection of such debt from consumers, including in Florida.

16. Indeed, Defendant has filed numerous lawsuits in Florida courts through which, upon information and belief, it sought to collect monies arising from consumer debts from Floridians.

17. Defendant is an entity that at all relevant times was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

18. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

19. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

20. Defendant is a business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts.

21. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

22. Defendant is a "consumer collection agency" as defined by the FCCPA, Fla. Stat. § 559.55(3).

<strong>Jurisdiction and Venue</strong>

23. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

24. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

25. Venue in this District is proper because the collection activity took place in Palm Beach County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

<strong>Factual Allegations</strong>

26. On February 21, 2024, Defendant filed a lawsuit ("Collection Complaint") in Palm

Beach County, Florida circuit court against Mr. Lago for foreclosure against Plaintiff in Palm Beach County Florida court seeking monies allegedly due to Plaintiff relating to a home equity line of credit.

27. In addition to a judgment for monies alleged due, Defendant's state court action seeks attorney's fees, and a deficiency judgment should the money judgment not be satisfied in full after a court foreclosure sale.

28. The state court complaint filed in Palm Beach County bears case # 50-2024-CA-001666-XXXA-MB.

29. Defendant was not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time it filed the lawsuit.

30. Defendant is not currently registered as a consumer collection agency with the State of Florida Office of Financial Regulation.

**Count I**: **Violation of the Fair Debt Collection Practices Act,
15 U.S.C. § 1692e**

31. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 30.

32. The FDCPA at 15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. No entity may engage in business in Florida as a consumer collection agency or continue to do business in Florida as a consumer collection agency, without first registering with the State of Florida Office of Financial Regulation, and thereafter maintaining a valid registration.

34. Defendant filed the Collection Complaint against Plaintiff even though Defendant had not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time it filed the Collection Complaint.

35. Defendant is not currently registered as a consumer collection agency with the State of Florida Office of Financial Regulation.

36. Defendant's initiation of a lawsuit against Plaintiff to pursue collection of the Debt against them at a time when it was barred by Florida law from doing so constitutes a

false, deceptive, and misleading representation or means in connection with the collection of any debt.

37. The harm suffered by Plaintiff is particularized in that the violative debt collection conduct was directed at him personally and regarded his personal alleged debt.

38. The FCCPA's registration requirement furthers the purpose of protecting debtors from abusive debt collection activity by requiring any person who engages in collection activity in Florida to register before doing so.

39. The Florida legislature's determination that a debt collector's failure to register under Fla. Stat. § 559.555 and subsequent pursuit of unauthorized debt collection activity is a misdemeanor criminal act demonstrates the seriousness with which the State of Florida deems violations of the FCCPA's registration requirement.

40. Moreover, section 1692e of the FDCPA was enacted to prevent and curb abusive debt collection conduct.

41. And Defendant's action in filing the Collection Complaint without first registering with the State of Florida Office of Financial Regulation exposed Plaintiff to an abusive practice by having to defend a lawsuit filed by an unlicensed collection agency.

42. Furthermore, as a result of Defendant's illegal conduct, Plaintiff suffered actual harm in having to spend time, effort and money to seek legal counsel and now has a public record filing that he owes a debt to an entity that is unauthorized to collect debts in the State of Florida and has committed a criminal act by doing so.

### Count II: **Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A)**

43. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 30 above.

44. The FDCPA at 15 U.S.C. § 1692e(2)(A) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

… 

(2) The false representation of--

(A) the character, amount, or legal status of any debt;

45.  No entity may engage in business in Florida as a consumer collection agency or continue to do business in Florida as a consumer collection agency, without first registering with the State of Florida Office of Financial Regulation, and thereafter maintaining a valid registration.

46.  Defendant filed the Collection Complaint against Plaintiff even though Defendant had not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time it filed the Collection Complaint.

47.  Defendant is not currently registered as a consumer collection agency with the State of Florida Office of Financial Regulation.

48.  Defendant's initiation of a lawsuit against Plaintiff to pursue collection of the Debt against them at a time when it was barred by Florida law from doing so constitutes a false representation of the character, amount, or legal status of any debt.

49.  The harm suffered by Plaintiff is particularized in that the violative debt collection conduct was directed at him personally and regarded his personal alleged debt.

50.  The FCCPA's registration requirement furthers the purpose of protecting debtors from abusive debt collection activity by requiring any person who engages in collection activity in Florida to register before doing so.

51.  The Florida legislature's determination that a debt collector's failure to register under Fla. Stat. § 559.555 and subsequent pursuit of unauthorized debt collection activity is a misdemeanor criminal act demonstrates the seriousness with which the State of Florida deems violations of the FCCPA's registration requirement.

52.  Moreover, section 1692e(2)(A) of the FDCPA was enacted to prevent and curb abusive debt collection conduct.

53.  And Defendant's action in filing the Collection Complaint without first registering with the State of Florida Office of Financial Regulation exposed Plaintiff to an abusive practice by having to defend a lawsuit filed by an unlicensed collection agency.

54. Furthermore, as a result of Defendant's illegal conduct, Plaintiff suffered actual harm in having to spend time, effort and money to seek legal counsel and now has a public record filing that he owes a debt to an entity that is unauthorized to collect debts in the State of Florida and has committed a criminal act by doing so.

**Count III: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5)**

55. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 30.

56. The FDCPA at 15 U.S.C. § 1692e(5) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*\*\*\*\*

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

57. No entity may engage in business in Florida as a consumer collection agency, or continue to do business in Florida as a consumer collection agency, without first registering with the State of Florida Office of Financial Regulation, and thereafter maintaining a valid registration.

58. Defendant filed the Collection Complaint against Plaintiff even though Defendant had not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time it filed the Collection Complaint.

59. Defendant is not currently registered as a consumer collection agency with the State of Florida Office of Financial Regulation.

60. Defendant's initiation of a lawsuit against Plaintiff to pursue collection of the Debt against them at a time when it was barred by Florida law from doing so constitutes a

threat to take action that cannot legally be taken.

61. The harm suffered by Plaintiff is particularized in that the violative debt collection conduct was directed to him personally and regarded his personal alleged debt.

62. The FCCPA's registration requirement furthers the purpose of protecting debtors from abusive debt collection activity by requiring any person who engages in collection activity in Florida to register before doing so.

63. The Florida legislature's determination that a debt collector's failure to register under Fla. Stat. § 559.555 and subsequent pursuit of unauthorized debt collection activity is a misdemeanor criminal act demonstrates the seriousness with which the State of Florida deems violations of the FCCPA's registration requirement.

64. Moreover, section 1692e(5) of the FDCPA was enacted to prevent and curb abusive debt collection conduct.

65. And Defendant's action in filing the Collection Complaint without first registering with the State of Florida Office of Financial Regulation exposed Plaintiff to an abusive practice by having to defend a lawsuit filed by an unlicensed collection agency.

66. Furthermore, as a result of Defendant's illegal conduct, Plaintiff suffered actual harm in having to spend time, effort and money to seek legal counsel and now has a public record filing that he owes a debt to an entity that is unauthorized to collect debts in the State of Florida and has committed a criminal act by doing so.

### Count IV:  Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f

67. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 30.

68. The FDCPA at 15 U.S.C. § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

69. No entity may engage in business in Florida as a consumer collection agency or continue to do business in Florida as a consumer collection agency, without first registering with the State of Florida Office of Financial Regulation, and thereafter maintaining a valid registration.

70. Defendant filed the Collection Complaint against Plaintiff even though Defendant had not registered as a consumer collection agency with the State of Florida Office of

Financial Regulation at the time it filed the Collection Complaint.

71. Defendant is not currently registered as a consumer collection agency with the State of Florida Office of Financial Regulation.

72. Defendant's initiation of a lawsuit against Plaintiff to pursue collection of the Debt against them at a time when it was barred by Florida law from doing so constitutes an unfair or unconscionable means to collect or attempt to collect any debt.

73. The harm suffered by Plaintiff is particularized in that the violative debt collection conduct was directed to him personally and regarded his personal alleged debt.

74. The FCCPA's registration requirement furthers the purpose of protecting debtors from abusive debt collection activity by requiring any person who engages in collection activity in Florida to register before doing so.

75. The Florida legislature's determination that a debt collector's failure to register under Fla. Stat. § 559.555 and subsequent pursuit of unauthorized debt collection activity is a misdemeanor criminal act demonstrates the seriousness with which the State of Florida deems violations of the FCCPA's registration requirement.

76. Moreover, section 1692f of the FDCPA was enacted to prevent and curb abusive debt collection conduct.

77. And Defendant's action in filing the Collection Complaints without first registering with the State of Florida Office of Financial Regulation exposed Plaintiff to an abusive practice by having to defend a lawsuit filed by an unlicensed collection agency.

78. Furthermore, as a result of Defendant's illegal conduct, Plaintiff suffered actual harm in having to spend time, effort and money to seek legal counsel and now has a public record filing that he owes a debt to an entity that is unauthorized to collect debts in the State of Florida and has committed a criminal act by doing so.

**WHEREFORE,** Plaintiff respectfully request relief and judgment as follows:

A. Immediately upon appearance by Defendant in this action, to order Defendant to disclose the number of people it has attempted to collect any consumer debts from in the State of Florida within 1 year of the filing of the instant action.

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692f;

C.  Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Awarding Plaintiff actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E.  Awarding  Plaintiff his reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k;

F.  Awarding Plaintiff any pre-judgment and post- judgment interest as may be allowed under the law; and

G.  Awarding other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff is entitled to, and hereby demands, a trial by jury.


Date:   March 29, 2024                    Respectfully Submitted,

*/s/ Matthew D. Bavaro*
Matthew D. Bavaro, Esquire
FL Bar No.: 175821
E-mail: matthew@fight13.com
LOAN LAWYERS, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 337-2436

*Attorney for Plaintiff*

*/s/ Jessica Krassner*
Jessica Krassner, Esq., L.L.M.
FL Bar No.: 1000355
E-mail: jessica@fight13.com
LOAN LAWYERS, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 337-2436

*Attorney for Plaintiff*